I write separately merely to dissociate myself from the statement, at p. 5 of Judge Young's opinion, that "any error by the trial court in failing to order a mistrial [because the witness, Smedley, after taking the Fifth Amendment and before she could be cross-examined, was excused, and her damaging testimony stricken] would be harmless," because, "[b]ased solely on [the testimony of two other witnesses], the jury could have found that * * * Caldwell was guilty beyond reasonable doubt."
If the evidence in the record were insufficient to support a finding of guilt beyond reasonable doubt, Caldwell would be entitled to a reversal of her conviction and discharge, based upon insufficiency of the evidence, independently of any error of the trial court in having failed to grant her motion for a mistrial. The adoption of a standard for harmless error that considers harmless any error in the proceedings where the evidence in the record supports a finding of guilt beyond reasonable doubt would obviate the need to address procedural errors. We could simply determine, in each case, whether there is evidence in the record to support the jury's verdict, and, if so, any procedural errors would be deemed harmless. Conversely, if the evidence in the record did not support the verdict, the judgment would be reversed, and the defendant discharged, without our having to consider the alleged procedural error.
In my view, the determination whether the curative instruction was sufficient to cure the problem of Smedley's stricken, incriminating testimony is context-sensitive. Ordinarily, a jury is presumed to be capable of following a trial judge's instructions to disregard testimony that has been stricken. The trial judge is inherently in a better position than a reviewing court to gauge the strength of the impression that the stricken testimony has had on the jury, and whether the jury will be capable of following the judge's instruction to disregard that testimony. For that reason, a reviewing court should be deferential to the trial judge's determination, which must be reviewed under an abuse of discretion standard.
In exercising the discretion to determine whether a jury will be able to disregard testimony that has been stricken, the trial judge should consider both the probative force of the testimony, and its emotional impact. The trial judge will likely also have formed an impression of the capabilities of the jury during voir dire. Finally, the strength of the prosecution's case is of some significance. Where the case is close, there is a greater tendency for the jury to be improperly influenced by the stricken testimony.
In the case before us, the stricken testimony was damaging, but it was not direct evidence of guilt, an inference being necessary that Smedley's avowed purpose of driving downtown to buy crack cocaine involved Caldwell, a passenger in her car. The stricken testimony had no particular emotional impact — unlike, for example, testimony by a victim or a witness to a violent and brutal act. The jury's inherent ability to follow the judge's instruction to disregard the testimony is not something we can gauge from this record.
Finally, the evidence of Caldwell's guilt, while not, in my view, overwhelming, was strong, based upon Pauley's having seen Caldwell drop something above the ground where Pauley then recovered crack cocaine, corroborated partially by Carnes' testimony that he saw Caldwell extend her hand out the car window and open it, but was unable to see whether she had dropped anything.
Although I regard the issue as close, I conclude that the trial court was within its discretion in denying Caldwell's motion for a mistrial.
GRADY, J., concurs in Judge Fain's concurring opinion.